UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAROLE NEWMARK,

                Plaintiff,

-against-

LAWRENCE HOSPITAL CENTER,
PAT ORSAIA, individually, and CATHY
MAGONE, individually,

                Defendants.

------------------------------------------------------------X

07 Civ. 2861 (CLB)

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

Plaintiff CAROLE NEWMARK, by her attorneys Lovett & Gould, LLP, for her first amended complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and liquidated damages proximately resulting from Defendants' violation of Plaintiff's rights as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.* and Section 296 *et seq.* of the Executive Law of the State of New York.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. In that connection on or about November 20, 2006, Plaintiff duly filed a Charge of Discrimination premised on age (#520-2007-00751) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). On or about February 23,

1

2007, the EEOC issued to Plaintiff a Notice of Right to Sue. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff CAROLE NEWMARK is a sixty-one year old citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. She has a Master of Social Work degree.

4. Defendant LAWRENCE HOSPITAL CENTER (hereinafter "Hospital") is a New York domestic corporation with premises for the conduct of business at 55 Palmer Avenue, Bronxville, New York.

5. Defendant CATHY MAGONE (hereinafter "Magone"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the Hospital as its Director of Case Management. She was also responsible for Risk Management and Quality Assurance.

6. Defendant PAT ORSAIA (hereinafter "Orsaia"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the Hospital as its Director of Human Resources. Orsaia and Magone were at all times referenced *infra* vested by the Hospital with final decision-making authority with respect to terminations of employment.

## THE FACTS

7. In or about March of 2006 Plaintiff was hired by the Hospital, having been advised by Magone in words or substance that she would be considered for assignment as

a Senior Social Worker dedicated to the Hospital's new Palliative Care Unit (hereinafter "Unit").

8. Shortly after the commencement of Plaintiff's employment Nicole Serra (hereinafter "Serra") was hired by the Hospital as a Social Worker. Serra is a considerably younger, former co-worker of Plaintiff's from Phelps Memorial Hospital. Plaintiff thereafter trained Serra with respect to her job duties at the Hospital.

9. Following the completion of Serra's training and on or about August 18, 2006, Magone advised Plaintiff that Serra rather than Plaintiff was being appointed to the Unit "because she [Serra] is younger and can handle the job better than [Plaintiff] can".

10. Plaintiff shortly thereafter met initially with Orsaia at which time Plaintiff reported what Magone had said, as referenced in the preceding paragraph "9". Plaintiff then met with both Magone and Orsaia regarding Magone's age discriminatory comment.

11. Magone falsely denied having made the subject statement, and instead then advised that the reason for Serra's appointment to the Unit instead of Plaintiff was: "Nicole [Serra] is young and could take things in like a sponge".

12. Magone and Orsaia thereupon advised Plaintiff that she was not a "good fit" for the Hospital. Her employment was thus terminated by reason of her age and in retaliation for having lodged an age discrimination complaint effective October 5, 2006.

13. By reason of Defendants' conduct Plaintiff was caused to suffer: pecuniary losses; loss of fringe benefits; emotional upset; discrimination by reason of her age; retaliation; anxiety; public embarrassment; public humiliation; impairment of her professional reputation; impairment of her professional career; and she was otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE HOSPITAL

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendant violated Plaintiff's rights as guaranteed by the Age Discrimination in Employment Act.

## AS AND FOR A SECOND CLAIM
## AGAINST THE HOSPITAL

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

17. Under the premises the Defendants violated Plaintiff's right to be free from retaliation for having opposed discrimination in the workplace on the basis of age, which right is guaranteed her by reason of the Age Discrimination in Employment Act.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

19. Under the premises Defendants violated Plaintiff's rights as guaranteed by reason of Section 296 *et. seq* of the New York State Executive Law.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13/", inclusive.

21. Under the premises the Defendants violated Plaintiff's right to be free from retaliation for having opposed discrimination in the workplace on the basis of age, which right is guaranteed her by reason of Section 296 et seq. of the Executive Law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. On the First Claim awarding such compensatory damages as the jury may determine, awarding liquidated damages, reasonable attorney's fees and costs,

    b. On the Second Claim awarding such compensatory damages as the jury may determine, and,

    c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       October 8, 2007

LOVETT & GOULD, LLP
By: _____
    Drita Nicaj (DN 0966)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401